# U.S. District Court
# Western District of Louisiana (Shreveport)
# CRIMINAL DOCKET FOR CASE #: <u>5:19−cr−00267−SMH−MLH</u>−3

Case title: USA v. Jones et al

Date Filed: 08/28/2019
Date Terminated: 07/27/2020

---

Assigned to: Chief Judge S
Maurice Hicks, Jr
Referred to: Magistrate Judge
Mark L Hornsby

**<u>Defendant (3)</u>**

**Daniel R Roach**
*TERMINATED: 07/27/2020*

represented by **J Broocks Greer , III**
Law Office of J Broocks Greer
839 Kings Hwy Ste 230
Shreveport, LA 71104
318−671−4360
Fax: 318−671−4367
Email: jbg@broocksgreerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| FRAUD BY WIRE, RADIO, OR TELEVISION − Wire Fraud with Forfeiture Notice<br>(5) | Defendant sentenced to 30 months imprisonment as to Counts 5 and 13, to run concurrently to each other and concurrently with any sentence imposed in Docket Numbers C−229446A, C−229446, C−229444, and C−230313, 26th JDC, Benton, Louisiana; upon release from imprisonment, supervised release for a term of 3 years as to each of Counts 5 and 13, to run concurrently; $$1,817.70 Restitution; $200 Special Assessment |
| PASSES COUNTERFEIT OBLIGATIONS OR SECURITIES − Possession of Counterfeit Obligations of the United States with Forfeiture Notice<br>(13) | Defendant sentenced to 30 months imprisonment as to Counts 5 and 13, to run concurrently to each other and concurrently with any sentence imposed in Docket Numbers C−229446A, C−229446, C−229444, and C−230313, 26th JDC, Benton, Louisiana; upon release from imprisonment, supervised release for a term of 3 years as to each of Counts 5 and 13, to run concurrently; $$1,817.70 Restitution; $200 Special Assessment |

**<u>Highest Offense Level (Opening)</u>**

Felony

1

| Terminated Counts | Disposition |
|---|---|
| ATTEMPT AND CONSPIRACY TO COMMIT MAIL FRAUD − Conspiracy to Commit Bank Fraud and Wire Fraud with Forfeiture Notice (1) | Dismissed at sentencing proceedings held 7/20/2020 |
| FRAUD BY WIRE, RADIO, OR TELEVISION − Wire Fraud with Forfeiture Notice (3−4) | Dismissed at sentencing proceedings held 7/20/2020 |
| FRAUD BY WIRE, RADIO, OR TELEVISION − Wire Fraud with Forfeiture Notice (6−9) | Dismissed at sentencing proceedings held 7/20/2020 |
| CONSPIRACY TO DEFRAUD THE UNITED STATES − Conspiracy to Make, Possess and Pass Counterfeit Obligations with Forfeiture Notice (10) | Dismissed at sentencing proceedings held 7/20/2020 |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

**Plaintiff**

| USA | represented by | **Leon Harrell Whitten** U S Attorneys Office (SHV) 300 Fannin St Ste 3201 Shreveport, LA 71101−3068 318−676−3600 Email: leon.whitten@usdoj.gov *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Assistant US Attorney* |
|---|---|---|

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/28/2019 | 1 | | INDICTMENT as to Brandon C Jones (1) count(s) 1, 2, 10, 11, 12, Trinity T Smarr (2) count(s) 1, 10, 11, 12, Daniel R Roach (3) count(s) 1, 3−9, 10, 13, Nicholas D Keller (4) count(s) 1, 3−9. (crt,AdamsSld, K) (Entered: |

| | | | |
|---|---|---|---|
| | | | 08/30/2019) |
| 08/28/2019 | 2 | | INDICTMENT WITH SIGNATURE filed under seal as to Brandon C Jones (1), Trinity T Smarr (2), Daniel R Roach (3), Nicholas D Keller (4) (crt,AdamsSld, K) (Entered: 08/30/2019) |
| 08/28/2019 | 5 | | DEFENDANT INFORMATION SHEET filed under seal as to Daniel R Roach (3) (crt,AdamsSld, K) (Entered: 08/30/2019) |
| 08/28/2019 | 7 | | MINUTES for proceedings held before Magistrate Judge Mark L Hornsby: GRAND JURY REPORT as to Brandon C Jones (1), Trinity T Smarr (2), Daniel R Roach (3), Nicholas D Keller (4); Open Indictment. Warrant,Writ or Summons to be issued at a later date. (Court Reporter: LCR, Shreveport − Courtroom 3) (crt,AdamsSld, K) (Entered: 08/30/2019) |
| 08/28/2019 | 10 | | ARREST WARRANT Issued by Magistrate Judge Mark L Hornsby in case as to Daniel R Roach (3). (crt,AdamsSld, K) Modified to unseal docket entry on 9/20/2019 (YocumSld, M). (Entered: 08/30/2019) |
| 09/13/2019 | 24 | | ORDER Appointing Panel Attorney as to Daniel R Roach (3): Appointment of Attorney J Broocks Greer, III for Daniel R Roach as of 9/9/2019. Signed by Magistrate Judge Mark L Hornsby on 9/9/2019. (crt,YocumSld, M) (Entered: 09/13/2019) |
| 09/13/2019 | 26 | | MOTION for Protective Order by USA as to Brandon C Jones (1), Trinity T Smarr (2), Daniel R Roach (3), Nicholas D Keller (4). (Attachments: # 1 Proposed order)(aty,Whitten, Leon) (Entered: 09/13/2019), (QC'ed on 09/13/2019, by YocumSld , M) |
| 09/13/2019 | 27 | | ORAL MOTIONS to Appoint Counsel by Brandon C Jones (1), Daniel R Roach (3), Nicholas D Keller (4). (crt,YocumSld, M) (Entered: 09/13/2019) |
| 09/13/2019 | 29 | | ORAL MOTIONS for Rule 16 Discovery by Brandon C Jones (1), Daniel R Roach (3), Nicholas D Keller (4). (crt,YocumSld, M) (Entered: 09/13/2019) |
| 09/13/2019 | 30 | | ORAL MOTION for Reciprocal Rule 16 Discovery by USA as to Brandon C Jones (1), Daniel R Roach (3), Nicholas D Keller (4). (crt,YocumSld, M) (Entered: 09/13/2019) |
| 09/13/2019 | 31 | | ORAL MOTION for Detention by USA as to Brandon C Jones (1), Daniel R Roach (3), Nicholas D Keller (4). (crt,YocumSld, M) (Entered: 09/13/2019) |
| 09/13/2019 | 32 | | MINUTES for proceedings held before Magistrate Judge Mark L Hornsby: INITIAL APPEARANCE and ARRAIGNMENT as to Brandon C Jones (1) Count 1,2,10,11,12 and Daniel R Roach (3) Count 1,3−9,10,13 and Nicholas D Keller (4) Count 1,3−9 held on 9/13/2019. ORAL ORDER granting 27 Motion to Appoint Counsel as to Brandon C Jones (1), Daniel R Roach (3), Nicholas D Keller (4). The Office of the Federal Public Defender is appointed to represent the defendants or to recommend counsel to represent the defendants in all further proceedings. ORAL ORDER granting 28 Motion to Enroll Ashley Renee Martin as Appointed Counsel as to Brandon C Jones (1). The Court confirmed the appointment of J Broocks Greer, II for Daniel Roach and the appointment of Joseph S Woodley for Nicholas D Keller. PLEA ENTERED: Not Guilty on all counts in which the defendants are named. ORAL ORDERS granting 29 Motion for Rule 16 Discovery and granting 30 Motion for Reciprocal Rule 16 Discovery as to Brandon C Jones (1), Daniel R |

| | | | |
|---|---|---|---|
| | | | Roach (3), Nicholas D Keller (4). Government to produce Initial Discovery by 9/18/2019. Motions due by 10/11/2019. Status Conference set for 10/18/2019 at 10:00 AM in chambers before Magistrate Judge Mark L Hornsby. Defendants did not contest the government's request for detention at this time and reserved their right to a detention hearing if there circumstances change. ORAL ORDER granting 31 Motion for Detention as to Brandon C Jones (1), Daniel R Roach (3), Nicholas D Keller (4). (Court Reporter: LCR, Shreveport – Courtroom 3) (crt,YocumSld, M) (Entered: 09/13/2019) |
| 09/16/2019 | 35 | | ORDER OF DETENTION PENDING TRIAL as to Daniel R Roach (3). Signed by Magistrate Judge Mark L Hornsby on 9/16/2019. (crt,YocumSld, M) (Entered: 09/16/2019) |
| 09/16/2019 | 37 | | ORDER granting 26 Motion for Protective Order as to Brandon C Jones (1), Trinity T Smarr (2), Daniel R Roach (3), Nicholas D Keller (4). Signed by Magistrate Judge Mark L Hornsby on 9/16/2019. (crt,YocumSld, M) (Main Document 37 replaced on 9/16/2019) (YocumSld, M). (Entered: 09/16/2019) |
| 09/18/2019 | 39 | | ARREST WARRANT Returned Executed on 09/13/2019 as to Daniel R Roach (3) and document filed under seal. (crt,YocumSld, M) (Entered: 09/20/2019) |
| 10/18/2019 | 46 | | ORAL MOTION to Continue Trial Beyond Speedy Trial Acts Deadline by Brandon C Jones (1), Trinity T Smarr (2), Daniel R Roach (3), Nicholas D Keller (4). (crt,YocumSld, M) (Entered: 10/23/2019) |
| 10/18/2019 | 47 | | MINUTES for proceedings held before Magistrate Judge Mark L Hornsby: STATUS CONFERENCE as to Brandon C Jones (1), Trinity T Smarr (2), Daniel R Roach (3), Nicholas D Keller (4) held on 10/18/2019. ORAL ORDER granting 46 Motion to Continue Trial Beyond Speedy Trial Acts Deadline as to Brandon C Jones (1), Trinity T Smarr (2), Daniel R Roach (3), Nicholas D Keller (4). The Court finds that the ends of justice served by granting this continuance outweigh the public's and Defendant's rights in a speedy trial. Jury Trial set for 2/18/2020 at 8:30 AM in Shreveport, Courtroom 1 before Chief Judge S Maurice Hicks Jr. See pdf image associated with Scheduling Order. (crt,YocumSld, M) (Entered: 10/23/2019) |
| 10/22/2019 | 48 | | SCHEDULING ORDER as to Brandon C Jones (1), Trinity T Smarr (2), Daniel R Roach (3), Nicholas D Keller (4): Pretrial Conference set for 1/9/2020 at 3:00 PM in chambers before Chief Judge S Maurice Hicks Jr. Jury Trial set for 2/18/2020 at 8:30 AM in Shreveport, Courtroom 1 before Chief Judge S Maurice Hicks Jr. Plea Agreement due by 12/19/2019. Foreseeable Issues, Voir Dire and Pattern Jury Instructions due by 12/19/2019. Signed by Magistrate Judge Mark L Hornsby on 10/21/2019. (crt,YocumSld, M) (Entered: 10/23/2019) |
| 11/01/2019 | 49 | | ELECTRONIC MINUTE ENTRY as to Daniel R Roach (3): Change of Plea Hearing set for 11/25/2019 02:00 PM in Shreveport, Courtroom 1 before Chief Judge S Maurice Hicks Jr. Signed by Chief Judge S Maurice Hicks, Jr on 11/1/2019. (crt,McDonnell, D) (Entered: 11/01/2019) |
| 11/25/2019 | 56 | | MINUTES for proceedings held before Chief Judge S Maurice Hicks, Jr: CHANGE OF PLEA HEARING as to Daniel R Roach (3) held on 11/25/2019. PLEA ENTERED: Guilty Counts 5 and 13. Guilty plea accepted. Presentence investigation report ordered. Sentencing set for 4/1/2020 02:00 PM in |

|  |  |  | Shreveport, Courtroom 1 before Chief Judge S Maurice Hicks Jr. Defendant remanded to the custody of the U S Marshal. (Court Reporter: Marie Moran Runyon) (crt,Reeves, T) (Entered: 11/26/2019) |
| --- | --- | --- | --- |
| 11/25/2019 | 57 |  | ORAL ORDER OF REFERRAL to Probation for Pre–Sentence Investigation and Report as to Daniel R Roach (3). Signed by Chief Judge S Maurice Hicks, Jr on 11/25/2019. (crt,Reeves, T) (Entered: 11/26/2019) |
| 11/25/2019 | 58 |  | PLEA AGREEMENT Accepted as to Daniel R Roach (3) (Attachments: # 1 Affidavit of understanding, # 2 Factual basis for guilty plea, # 3 Elements of offense)(crt,Reeves, T) (Entered: 11/26/2019) |
| 03/16/2020 | 76 |  | ELECTRONIC MINUTE ENTRY as to Daniel R Roach (3): Due to the COVID–19 Pandemic and taking into consideration matters of public health, sentence scheduled for 04/01/2020 at 2:00 PM is CONTINUED and will be RESET by further Order of this Court.Signed by Chief Judge S Maurice Hicks, Jr on 3/16/2020. (crt,McDonnell, D) (Entered: 03/16/2020) |
| 04/17/2020 | 84 |  | MOTION for Release from Custody Pending Sentencing by Daniel R Roach (3). Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 4/17/2020. (Attachments: # 1 Proposed order)(aty,Greer, J) Modified text on 4/17/2020 (YocumSld, M). (Entered: 04/17/2020), (QC'ed on 04/17/2020, by YocumSld , M) |
| 04/17/2020 |  |  | Motions Transferred as to Daniel R Roach (3) regarding 84 MOTION for Release from Custody Pending Sentencing. Motions referred to Chief Judge S Maurice Hicks, Jr. (crt,YocumSld, M) (Entered: 04/17/2020) |
| 04/20/2020 | 85 |  | MINUTE ENTRY as to Daniel R Roach (3) re 84 MOTION for Release from Custody Pending Sentencing filed by Daniel R Roach. Government's Response due by 4/24/2020. Signed by Chief Judge S Maurice Hicks, Jr on 4/20/2020. (crt,YocumSld, M) (Entered: 04/20/2020) |
| 04/22/2020 | 87 |  | MEMORANDUM in Opposition by USA as to Daniel R Roach (3) re 84 MOTION for Release from Custody Pending Sentencing (aty,Whitten, Leon) (Entered: 04/22/2020), (QC'ed on 04/22/2020, by YocumSld , M) |
| 05/27/2020 | 106 |  | MEMORANDUM ORDER denying 84 Motion for Release from Custody Pending Sentencing as to Daniel R Roach (3). Signed by Chief Judge S Maurice Hicks, Jr on 5/27/2020. (crt,YocumSld, M) (Entered: 05/28/2020) |
| 06/11/2020 | 107 |  | ELECTRONIC MINUTE ENTRY as to Daniel R Roach (3): The Sentencing Hearing in this matter is RESET for 6/30/2020 at 03:00 PM in by video conference before Chief Judge S Maurice Hicks Jr, as sentencing cannot be further delayed without serious harm to the interests of justice. Instructions for the video conference will be emailed to each party. This proceeding will originate in Courtroom One of the Tom Stagg United States Court House and is open to the public. The public may also access the hearing via video conference. If the public and/or media wish to observe the hearing via video conference, please email Hicks_VTC@lawd.uscourts.gov. The access information will then be emailed to the requesting party. However, those who are granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, |

| | | |
|---|---|---|
| | | denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Defense counsel is responsible for notifying and sharing access information with the Defendant's family. The Government is responsible for notifying and sharing access information with any victim(s). Signed by Chief Judge S Maurice Hicks, Jr on 6/11/2020. (crt,McDonnell, D) (Entered: 06/11/2020) |
| 06/30/2020 | 109 | ELECTRONIC MINUTE ENTRY as to Daniel R Roach (3): The Sentencing Hearing scheduled in this matter for 06/30/2020 at 3:00 via VTC is CONTINUED and will be RESET by further order of the Court. Signed by Chief Judge S Maurice Hicks, Jr on 6/30/2020. (crt,McDonnell, D) (Entered: 06/30/2020) |
| 07/06/2020 | 110 | ELECTRONIC MINUTE ENTRY as to Daniel R Roach (3): Sentencing set for 7/20/2020 02:00 PM by video conference before Chief Judge S Maurice Hicks Jr as sentencing cannot be further delayed without serious harm to the interests of justice. Instructions for the video conference will be emailed to each party. This proceeding will originate in Courtroom One of the Tom Stagg United States Court House and is open to the public. The public may also access the hearing via video conference. If the public and/or media wish to observe the hearing via video conference, please email Hicks_VTC@lawd.uscourts.gov. The access information will then be emailed to the requesting party. However, those who are granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Defense counsel is responsible for notifying and sharing access information with the Defendant's family. The Government is responsible for notifying and sharing access information with any victim(s). Signed by Chief Judge S Maurice Hicks, Jr on 7/6/2020. (crt,McDonnell, D) (Entered: 07/06/2020) |
| 07/20/2020 | 113 | WAIVER/CONSENT to Proceed by Videoconference or Telephone During Covid−19 Emergency by Daniel R Roach (3). (crt,YocumSld, M) (Entered: 07/27/2020) |
| 07/20/2020 | 114 | MINUTES for proceedings held before Chief Judge S Maurice Hicks, Jr: SENTENCING held on 7/20/2020 for Daniel R Roach (3). Count(s) 5, 13: Defendant sentenced to 30 months imprisonment as to Counts 5 and 13, to run concurrently to each other and concurrently with any sentence imposed in Docket Numbers C−229446A, C−229446, C−229444, and C−230313, 26th JDC, Benton, Louisiana; upon release from imprisonment, supervised release for a term of 3 years as to each of Counts 5 and 13, to run concurrently; $$1,817.70 Restitution; $200 Special Assessment. Count(s) 1, 3−4, 6−9, 10: Dismissed at sentencing proceedings held 7/20/2020. If defendant wishes to appeal, J Broocks Greer, III shall file the Notice of Appeal. The Federal Public Defender's Office will be appointed to prosecute the Notice of Appeal. Defendant remanded to the custody of the U S Marshal. (Court Reporter: Marie Moran Runyon) (crt,YocumSld, M) (Entered: 07/27/2020) |
| 07/27/2020 | 115 | JUDGMENT as to Daniel R Roach (3). Count(s) 5, 13: Defendant sentenced to 30 months imprisonment as to Counts 5 and 13, to run concurrently to each |

| | | | |
|---|---|---|---|
| | | | other and concurrently with any sentence imposed in Docket Numbers C−229446A, C−229444, C−229446, and C−230313, 26th JDC, Benton, Louisiana; upon release from imprisonment, supervised release for a term of 3 years as to each of Counts 5 and 13, to run concurrently; $$1,817.70 Restitution; $200 Special Assessment. Count(s) 1, 3−4, 6−9, 10: Dismissed at sentencing proceedings held 7/20/2020. Defendant remanded to the custody of the U S Marshal. Signed by Chief Judge S Maurice Hicks, Jr on 7/27/2020. (crt,YocumSld, M) (Entered: 07/27/2020) |
| 07/30/2020 | 119 | | WAIVER of Appeal by Daniel R Roach (3) (aty,Greer, J) (Entered: 07/30/2020), (QC'ed on 07/30/2020, by YocumSld , M) |
| 12/22/2020 | 126 | | REQUEST for Modifying the Conditions or Term of Supervision with Consent of the Offender submitted by U S Probation and ORDER approving modification of conditions as noted as to Daniel R Roach (3). Signed by Chief Judge S Maurice Hicks, Jr on 12/17/2020. (crt,YocumSld, M) (Entered: 12/22/2020) |
| 12/22/2020 | 127 | | WAIVER of Hearing to Modify Conditions of Supervised Release by Daniel R Roach (3). (crt,YocumSld, M) (Entered: 12/22/2020) |
| 04/13/2021 | 128 | | SUPERVISED RELEASE JURISDICTION TRANSFERRED to Eastern District of Texas as to Daniel R Roach (3). Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (crt,YocumSld, M) (Entered: 04/13/2021) |



Clerk's Office
A True Copy

April 13, 2021

Melinda S Yocum
Deputy Clerk, U. S. District Court
Western District of Louisiana
Shreveport, LA

Case 6:21-cr-00023-JDK-JDL   Document 1   Filed 04/15/21   Page 8 of 23 PageID #:  8
Case 5:19-cr-00267-SMH-MLH Document 1 Filed 08/28/19 Page 8 of 23 PageID #: 516

8

RECEIVED

AUG 2 8 2019

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VERSUS | * | 5:19-cr-00267 |
| | * | Chief Judge Hicks |
| BRANDON C. JONES    (1) | * | Magistrate Judge Hornsby |
| TRINITY T. SMARR    (2) | * | |
| DANIEL R. ROACH    (3) | * | |
| NICHOLAS D. KELLER  (4) | * | |

**INDICTMENT**

THE GRAND JURY CHARGES:

**Count One**
Conspiracy to Commit Bank Fraud and Wire Fraud
[18 U.S.C. § 1349]

*Introduction*

1.    Capital One Bank ("Capital One"), Barksdale Federal Credit Union ("BFCU"), Home Federal Bank ("Home Federal"), and Community Bank of Louisiana ("Community Bank"), referred to collectively as "the banks," were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation.  The banks have branches located in the Western District of Louisiana.

2.    Certegy is a corporation that provides payment services, including check verification. When a check is processed using Certegy, the merchant scans the check to start the payment process.  The passer's personal identifying information along with the check's bank account number and routing number are then sent electronically to one of Certegy's two servers located in St. Petersburg, Florida or Brown Deer, Wisconsin.  Certegy then electronically compares the check to its database and electronically sends an "accept" or "decline" code back

to the merchant.   Certegy suffers the financial loss if a check is eventually returned for insufficient funds or as counterfeit, among other things.

3.     Depending on the merchant's financial institution, after Certegy has provided the electronic "accept" code, the merchant electronically or manually sends the check to its bank for deposit.  The merchant's financial institution then electronically sends the information to the check writer's financial institution to fund the check.  If a check is not funded, this information is sent electronically back to the merchant.  The merchant then returns the unfunded check to Certegy who suffers the financial loss.

4.     Shreveport Energy Tennis Association ("Tennis Association") is a non-profit corporation based in Shreveport, Louisiana.  Tennis Association maintained a bank account with Capital One.

5.     Dart Investments LLC ("Dart") is a company based in Shreveport, Louisiana.  Dart and its member(s), who also resided in Caddo Parish, Louisiana, maintained a bank account with Home Federal.

6.     Person 1 (T.B.) is a resident of Caddo Parish, Louisiana who maintained an account at BFCU.

*The Conspiracy*

7.     Beginning on a date unknown, but no later than on or about September 6, 2018, and continuing until on or about October 16, 2018, in the Western District of Louisiana and elsewhere, the defendants, **Brandon C. Jones, Trinity T. Smarr, Daniel R. Roach,** and **Nicholas D. Keller**, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree with each other, to commit offenses against the United States, to wit:  Knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain any moneys, funds, credits, assets, and other property under the custody and control of a financial institution by means of materially false and fraudulent

10

pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344; and knowingly devise a scheme and artifice to defraud and to obtain money and property, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

*Object of the Conspiracy*

8.    The primary object of the conspiracy and the scheme and artifice to defraud was to obtain monies to which the coconspirators were not entitled utilizing counterfeit checks.

*Manner and Means/Scheme and Artifice*

9.    The defendants, **Brandon C. Jones**, **Trinity T. Smarr**, **Daniel R. Roach**, and **Nicholas D. Keller**, and others known and unknown to the Grand Jury, utilized the following manners and means, among others, in the Western District of Louisiana:

    a.  It was a part of the conspiracy and the scheme and artifice to defraud that the coconspirators obtained means of identification and account information of other persons and businesses.

    b.  It was further part of the conspiracy and the scheme and artifice to defraud that the coconspirators made and caused to be made forged and counterfeit checks.

    c.  It was further part of the conspiracy and the scheme and artifice to defraud that the coconspirators made the forged and counterfeit checks payable to fictitious and actual individuals.

    d.  It was further part of the conspiracy and the scheme and artifice to defraud that the coconspirators negotiated the counterfeit checks for cash utilizing fraudulent identifications.

e.  It was further part of the conspiracy and the scheme and artifice to defraud that the coconspirators negotiated the counterfeit checks for funds to purchase goods at various retailers.

*Overt Acts*

10.   To accomplish the object of the conspiracy, coconspirators did commit numerous overt acts in furtherance of the conspiracy and the scheme and artifice to defraud, among which were the following:

a.  In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the allegations in Counts 2-9 are incorporated by reference as though fully set forth herein as overt acts.

All in violation of Title 18, United States Code, Section 1349.

**Count 2**
Bank Fraud
[18 U.S.C. § 1344(1)]

1.   The allegations of Count 1 are incorporated by reference as though set forth in full herein as the scheme and artifice to defraud.

2.   On or about September 8, 2018, in the Western District of Louisiana, defendant **Brandon C. Jones**, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money, funds, assets, and credits owned by or under the control of Capital One Bank by means of false pretenses, representations, and promises, did knowingly and willfully obtain money, funds, assets and credits of Capital One Bank by cashing a counterfeit Shreveport Energy Tennis Association check bearing Shreveport Energy Tennis Association's account ending in 4579, as further described below:

| Count | Defendant | Date | Location | Alleged Issuer | Issuer's Bank | Amount |
|-------|-----------|------|----------|----------------|---------------|--------|
| 2 | Brandon Jones | 09/08/18 | Capital One | Tennis Association | Capital One | $2,316 |

Case 6:21-cr-00023-JDK-JDL   Document 1   Filed 04/15/21   Page 12 of 23 PageID #:  12
Case 5:19-cr-00260-SMH-MLH   Document 129   Filed 04/03/19   Page 25 of 23 PageID #: 520

12

All in violation of Title 18, United States Code, Sections 1344(1) and (2).

### Counts 3-9
### Wire Fraud
### [18 U.S.C. § 1343]

1.     The allegations of Count 1 are incorporated by reference as though set forth in full herein as the scheme and artifice to defraud.

2.     On or about the dates listed below, in the Western District of Louisiana, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, promises, and representations, the defendants listed below, knowingly caused or attempted to cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds as described below:

3.     All counterfeit checks when passed were processed through the Certegy servers in either St. Petersburg, Florida, or Brown Deer, Wisconsin.

| Count | Defendant | Date | Location | Bank Account | Amount |
|---|---|---|---|---|---|
| 3 | Nicholas Keller | 09/13/18 | Big Lots 3145 E. Texas Street Bossier City, LA | BFCU | $189.17 |
| 4 | Nicholas Keller | 09/16/18 | Big Lots 3145 E. Texas Street Bossier City, LA | BFCU | $237.48 |
| 5 | Daniel Roach | 09/21/18 | Academy Sports 2801 Beene Blvd Bossier City, LA | Home Federal | $399.41 |
| 6 | Nicholas Keller | 09/23/18 | Academy Sports 2801 Beene Blvd Bossier City, LA | Community Bank | $311.35 |
| 7 | Nicholas Keller | 09/23/18 | Academy Sports 2801 Beene Blvd Bossier City, LA | Home Federal | $122.27 |
| 8 | Daniel Roach | 09/23/18 | Academy Sports 2801 Beene Blvd Bossier City, LA | Home Federal | $169.62 |
| 9 | Daniel Roach | 09/24/18 | Academy Sports 2801 Beene Blvd Bossier City, LA | Home Federal | $388.40 |

Case 6:21-cr-00023-JDK-JDL   Document 1   Filed 04/15/21   Page 13 of 23 PageID #: 13
Case 5:19-cr-00260-SMH-MLH   Document 1   Filed 04/22/19   Page 6 of 23   PageID #: 521

13

All in violation of Title 18, United States Code, Section 1343.

## Count 10
### Conspiracy to Make, Possess, and Pass Counterfeit Obligations
[18 U.S.C. § 371]

*The Conspiracy*

1.    Beginning on a date unknown, but no later than on or about September 9, 2018, and continuing until on or about September 13, 2018, in the Western District of Louisiana and elsewhere, the defendants, **Brandon C. Jones**, **Trinity T. Smarr**, and **Daniel R. Roach**, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree with each other, to commit offenses against the United States, that is: with the intent to defraud, falsely making, forging, and counterfeiting obligations of the United States, in violation of Title 18, United States Code, Section 471; and with the intent to defraud, possessing, uttering, and passing counterfeit obligations of the United States and dealing in counterfeit obligations and securities, in violation of Title 18, United States Code, Section 472.

*Object of the Conspiracy*

2.    The primary object of the conspiracy was to make, possess, utter, and pass counterfeit Federal Reserve Notes and to obtain property to which they were not entitled.

*Manner and Means*

3.    To accomplish the object of the conspiracy, the coconspirators and others known and unknown to the Grand Jury would create and manufacture counterfeit obligations or securities of the United States.

4.    It was further part of the conspiracy that the coconspirators would possess and pass the counterfeit obligations for property.

Case 6:21-cr-00023-JDK-JDL   Document 1   Filed 04/15/21   Page 14 of 23 PageID #:  14
Case 5:19-cr-00260-SMH-MLH   Document 129   Filed 04/08/21   Page 47 of 23   PageID #  522

14

*Overt Acts*

5.    The coconspirators and others known and unknown to the Grand Jury performed and caused to be performed the overt acts contained in Counts 11-13, which are incorporated by reference as overt acts in furtherance of the conspiracy.

6.    All in violation of Title 18, United States Code, Section 371.

**Count 11**
Counterfeiting and Forging Obligations of the United States
[18 U.S.C. § 471]

1.    The allegations of Count 10 are incorporated by reference as though set forth in full herein.

2.    Beginning on a date unknown, but no later than on or about September 9, 2018, and continuing until on or about September 13, 2018, in the Western District of Louisiana, the defendants, **Brandon C. Jones** and **Trinity T. Smarr**, with the intent to defraud, falsely made, forged, and counterfeited an obligation and other securities of the United States, that is: $100 Federal Reserve Notes, $50 Federal Reserve Notes, $10 Federal Reserve Notes, and $1 Federal Reserve Notes.  All in violation of Title 18, United States Code, Section 471.

**Count 12**
Possession of Counterfeit Obligations of the United States
[18 U.S.C. § 472]

1.    The allegations of Count 10 are incorporated by reference as though set forth in full herein.

2.    Beginning on a date unknown, but no later than on or about September 9, 2018, and continuing until on or about September 13, 2018, in the Western District of Louisiana, the defendants, **Brandon C. Jones** and **Trinity T. Smarr**, with the intent to defraud, possessed falsely made, forged, and counterfeited obligations and other securities of the United States, that is: $100 Federal Reserve Notes, $50 Federal Reserve Notes, $10 Federal Reserve Notes, and $1 Federal Reserve Notes.  All in violation of Title 18, United States Code, Section 472.

15

### Count 13
Possession of Counterfeit Obligations of the United States
[18 U.S.C. § 472]

1.    The allegations of Count 10 are incorporated by reference as though set forth in full herein.

2.    Beginning on a date unknown, but no later than on or about September 9, 2018, in the Western District of Louisiana, the defendant, **Daniel R. Roach**, with the intent to defraud, possessed, passed, and uttered falsely made, forged, and counterfeited obligations and other securities of the United States, that is: $100 Federal Reserve Notes.  All in violation of Title 18, United States Code, Section 472.

### Forfeiture Notice

1.    The allegations in Counts 1-13 of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2), 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of an offense set forth above, the defendants, **Brandon C. Jones**, **Trinity T. Smarr**, **Daniel R. Roach**, and **Nicholas D. Keller,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(2) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds the defendants obtained directly or indirectly as the result of said violations as set forth in this Indictment.

3.    The United States of American shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 981(b)(1), and Title 28, United States Code, Section 2461(c), if any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property, which cannot be divided without difficulty,

4.    All pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

A TRUE BILL:

*REDACTED*
_____
GRAND JURY FOREPERSON

DAVID C. JOSEPH
United States Attorney

_____
Leon H. Whitten (La. Bar No. 36724)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
(318) 676-3600



Clerk's Office
A True Copy

April 13, 2021

*Melinda S Yocum*
Deputy Clerk, U. S. District Court
Western District of Louisiana
Shreveport, LA

AO 245B     (Rev. 09/19 - WDLA) Judgment in a Criminal Case
            Sheet 1

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7  27  2020
BY  DM

# UNITED STATES DISTRICT COURT

### Western District of Louisiana

### Shreveport Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| DANIEL R ROACH | Case Number:   5:19-CR-00267-3 |
| | USM Number:   21289-035 |
| | J Broocks Greer, III |
| | Defendant's Attorney |

## THE DEFENDANT:

☒  pleaded guilty to count(s)   5 and 13 of the Indictment

☐  pleaded nolo contendere to count(s)
     which was accepted by the court.

☐  was found guilty on count(s)
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 | Fraud By Wire, Radio, Or Television - Wire Fraud With Forfeiture Notice | 10/16/2018 | 5 |
| 18:472 | Passes Counterfeit Obligations Or Securities - Possession Of Counterfeit Obligations Of The United States With Forfeiture Notice | 10/16/2018 | 13 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☒  Count(s)                        ☐ is   ☒  are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 20, 2020

Date of Imposition of Judgment

Signature of Judge

COPY SENT:
DATE: 7/27/2020   Clerk's Office
BY: DM
TO: USP-Scr

A True Copy

S. MAURICE HICKS, JR., United States District Judge
Name of Judge                                           Title of Judge

7/27/2020
Date

April 13, 2021

Melinda S Yocum
Deputy Clerk, U. S. District Court
Western District of Louisiana
Shreveport, LA

AO 245B Case 5:19-cr-00267-SMH-MLH Document 1295 Filed 04/27/20 Page 2 of 6 PageID #: 7526
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT:        DANIEL R ROACH
CASE NUMBER:      5:19-CR-00267-3

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a
total term of:  30 month(s) as to each of Counts 5 and 13, terms to run concurrent.  This sentence is to commence immediately and shall
run concurrently with any sentence to be imposed in Docket Numbers C-229446A, C-229446, C-229444, and C-230313, 26th Judicial
District Court, Benton Louisiana.

☐     The court makes the following recommendations to the Bureau of Prisons:

☒     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

   ☐   at                          ☐  a.m.   ☐   p.m.   on

   ☐   as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on _____        to _____

at _____ , with a certified copy of this judgment.

                                                    _____
                                                         UNITED STATES MARSHAL

                                   By _____
                                                    DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/19 - WDLA) Judgment in a Criminal Case

Sheet 3 — Supervised Release

Judgment — Page 3 of 6

DEFENDANT:        DANIEL R ROACH
CASE NUMBER:      5:19-CR-00267-3

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : <u>three (3) years as to each of Counts 5 and 13, to be served concurrently.</u>

## MANDATORY CONDITIONS  (MC)

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4.  ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
5.  ☒  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
6.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
7.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901,*et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
8.  ☐  You must participate in an approved program for domestic violence. *(check if applicable)*
9.  ☐  The passport restriction imposed at the time of initial release is hereby suspended, and defendant's passport is ordered released to defendant's attorney. *(check if applicable)*
10. ☐  The passport restriction imposed at the time of initial release is continued, and defendant's passport is ordered transferred to the U. S. Department of State. *(check if applicable)*
11. You must comply with the standard conditions that have been adopted by this court as well as any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION  (SC)

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U. S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____         Date _____

AO 245D   (Rev. 09/19   WD/PA) Judgment in a Criminal Case
Sheet 3D --- Supervised Release

Judgment --- Page 4 of 6

DEFENDANT:       DANIEL R ROACH
CASE NUMBER:     5:19-CR-00267-3

## SPECIAL CONDITIONS OF SUPERVISION  (SP)

1.  Because the presentence report and/or other reliable sentencing information indicate a high risk of future substance abuse, the defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency, or abuse which may include, but is not limited to, urine, breath, saliva, and skin testing should a screening and/or assessment indicate treatment is needed.  The defendant shall comply with the rules and regulations of the treatment agency and allow the probation officer, in consultation with the agency, to adjust the modality, duration, and intensity of treatment as needed.  The defendant shall further submit to drug and/or alcohol testing techniques, in addition to those performed by the treatment agency, during and after formal treatment services.

2.  The defendant shall be subject to financial disclosure throughout the period of supervised release and shall provide U.S. Probation with all requested financial documentation. The defendant shall report all household income to U.S. Probation as requested.  The defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

3.  In the event restitution is not paid prior to the commencement of supervision, the defendant shall make monthly payments at a rate of not less than 10% of defendant's gross monthly income, to be paid to the U.S. District Clerk of Court.   Payments shall begin within 30 days of the defendant's commencement of supervision in this case.

AO 245B   Case 5:19-cr-00267-MMH-HD   Document 1291-5   Filed 04/07/21   Page 15 of 23   PageID #7829
Sheet 5 — Criminal Monetary Penalties

21

Judgment — Page 5 of 6

DEFENDANT:       DANIEL R ROACH
CASE NUMBER:    5:19-CR-00267-3

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $200.00 | $1,817.70 | $.00 | $.00 | $.00 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $1,817.70 to:

   Certegy Payment Solutions LLC
   PO Box 30046
   Tampa, FL  33630-3046

☐   Restitution amount ordered pursuant to plea agreement   $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and/or penalties and it is ordered that:

   ☒ the interest and/or  ☒ penalty requirement is waived for the   ☐ fine  ☒ restitution.

   ☐ the interest and/or  ☐ penalty requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299..
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 5:19-cr-00267-MHH-HD  Document 1291F  Filed 04/27/20  Page 26 of 28  PageID #47530

AO 245B    (Rev. 09/19 - WDLA) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT:     DANIEL R ROACH
CASE NUMBER:   5:19-CR-00267-3

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒   Lump sum payment of $   2017.70          due immediately, balance due

    ☐   not later than _____ , or
    ☒   in accordance     ☐  C,   ☐   D,   ☐   E, or   ☒  F below; or

B  ☐   Payment to begin immediately (may be combined with     ☐  C,   ☐   D, or   ☐  F below); or

C  ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒   Special instructions regarding the payment of criminal monetary penalties:

    The Court orders that any federal income tax refund payable to the defendant from the Internal Revenue Service will be turned
    over to the Clerk of Court and applied toward any outstanding balance with regard to the outstanding financial obligations
    ordered by the Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court, or, unless ordered otherwise, criminal debt payment may be
made online at www.lawd.uscourts.gov/fees.  Scroll down and click the Criminal Debt (Restitution and Fines) hyperlink to proceed to the
secure online payment form.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒   Joint and Several
    ☒Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.
    Restitution of $957.43, jointly and severally with co-defendant Trinity T Smarr (5:19-cr-00267-2)

    Restitution of $860.27, jointly and severally with co-defendant Nicholas D Keller (5:19-cr-00267-4 and Trinity T Smarr (5:19-cr-267-2)
    ☐The Court gives notice this case involves other defendants who may be held jointly and several liable for payment of all or part of the
    restitution ordered herein and may order such payment in the future.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 5:19-cr-00267-SMH-MLH   Document 128   Filed 04/13/21   Page 1 of 1 PageID #:631

RECEIVED

APR 13 2021

| &PROB 22<br>(Rev. 2/88) | | TONY R. MOORE, CLERK<br>WESTERN DISTRICT OF LOUISIANA<br>SHREVEPORT Louisiana | DOCKET NUMBER *(Tran. Court)*<br>5:19CR00267-3 |
|---|---|---|---|
| **TRANSFER OF JURISDICTION** | | BY | DOCKET NUMBER *(Rec. Court)*<br>6:21CR23(01) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT<br>Louisiana Western | DIVISION<br>Shreveport |
|---|---|---|
| Daniel R. Roach<br><br>419 Hillside Blvd, Lot 41<br><br>Gun Barrel City, TX 75156 | NAME OF SENTENCING JUDGE<br>Chief Judge S. Maurice Hicks, Jr. | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>11/25/2020 | TO<br>11/24/2023 |

| OFFENSE |
|---|
| Ct. 5: Fraud by Wire, Radio, or Television - Wire Fraud with Forfeiture Notice [18:1343]<br><br>Ct. 13: Passes Counterfeit Obligations or Securities - Possession of Counterfeit Obligations of the United States with Forfeiture Notice [18:472] |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE  Western  DISTRICT OF  Louisiana

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the
or supervised releasee named above be transferred with the records of this Court to the United States
District Court for the  Eastern District of Texas
of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or
supervised release may be changed by the District Court to which this transfer is made without further
inquiry of this court.*

3/23/21
_____
    Date

_____
    United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE  Eastern  DISTRICT OF  Texas

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised
releasee be accepted and assumed by this Court from and after the entry of this order.

April 12, 2021
_____
    Effective Date

_____
    United States District Judge

Clerk's Office
A True Copy
April 13, 2021
Deputy Clerk, U.S. District Court
Western District of Louisiana
Shreveport, LA