IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § § | CASE NO. 6:21-CR-23-JDK |
| DANIEL R. ROACH (1) | § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On September 15, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offenses of Fraud by Wire, Radio, or Television - Wire Fraud with Forfeiture Notice (Count 5), a Class B felony, and Passes Counterfeit Obligations or Securities - Possession of Counterfeit Obligations of the United States with Forfeiture Notice (Count 13), a Class felony, Defendant Daniel R. Roach was sentenced on July 20, 2020 by United States District Judge S. Maurice Hicks, Jr. in the Western District of Louisiana. Count 5 carried a statutory maximum imprisonment term of 30 years and Count 13 carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of VI, was 24 to 30 months. Defendant was sentenced to 30 months of imprisonment on each count to run concurrently, followed by a 3-year term of supervised release on each count to run concurrently. Defendant's supervision is subject to the

standard conditions of release, plus special conditions to include financial disclosure, no new credit, substance abuse testing and treatment, and restitution.

Defendant completed his term of imprisonment and started his term of supervised release on November 25, 2020.  Supervised release jurisdiction was transferred to this district on April 15, 2021.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on September 29, 2021, United States Probation Officer Daisy Pridgen alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 2): After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant must report to the probation officer as instructed.**  It is alleged that Defendant failed to submit a monthly report form for July and August 2021.

2. **Allegation 2 (standard condition 5):  The defendant must live at a place approved by the probation officer.  If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.**  It is alleged that a home visit was attempted on July 29, 2021 at Defendant's reported address.  The individual at the residence stated they had been there for three weeks and did not know the defendant.

3. **Allegation 3 (standard condition 6):  The defendant must allow the probation officer to visit him at any time at his home or elsewhere, and he must permit the probation officer to take any items prohibited by the conditions of his supervision that he or she observes in plain view.**  It is alleged that a home visit was attempted on July 29, 2021 at Defendant's reported address.  The individual at the residence stated that they had been there for three weeks and did not know the defendant.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without

credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were Class B and Class C felonies. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years of imprisonment and 2 years of imprisonment, respectively. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

### *Hearing*

On September 15, 2022, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 14 months of imprisonment, to run consecutive to the sentence imposed in Criminal Action No. 6:21-cr-78-JCB-KNM, with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 14 months of imprisonment, to run consecutive to the sentence imposed in Criminal Action No. 6:21-cr-78-JCB-KNM, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 14 months of imprisonment, to run consecutive to the sentence imposed in Criminal Action No. 6:21-cr-78-JCB-KNM, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 14 months

of imprisonment, to run consecutive to the sentence imposed in Criminal Action No. 6:21-cr-78-JCB-KNM, with no further supervised release.

So ORDERED and SIGNED this 15th day of September, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE